## BOWLES v. EAST PENN WEAVING CO., Inc.

### No. 3819.

District Court, E. D. Pennsylvania.

Sept. 25, 1944.

Robert J. Callaghan, District Enforcement Attorney, William N. J. McGinniss, Chief Litigation Attorney, and Sydney M. Friedman, Enforcement Attorney, all of Philadelphia, Pa., for plaintiff.

Eugene K. Twining, of Allentown, Pa., for defendant.

KALODNER, District Judge.

This is an action for an injunction brought by the Administrator of the Office of Price Administration pursuant to Section 205(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, as amended, 50 U.S.C.A.Appendix, § 901 et seq. The plaintiff seeks to enjoin acts and practices alleged to constitute a violation of Section 4(a) of that Act in that defendant has violated Sections 1499.11 and 1499.12 of General Maximum Price Regulation effective May 11, 1942, 7 P.R. 3153, 1 OPA Service 11:77.

The sole question for determination is whether defendant on or before July 1, 1942, and thereafter, and at the time of this action, did prepare and keep records in accordance with the requirements of the above Sections of the Regulation.

The case was tried before the Court without a jury, on the pleadings and additional testimony. Accordingly, I make the following findings of fact:

1. Plaintiff is the Administrator of the Office of Price Administration.

2. Defendant is a corporation, engaged in the business of weaving various cloths for the accounts of others, upon a commission basis, and maintains a place of business for that purpose at High and Hattner Streets, Topton, Pennsylvania. Such business is referred to in the textile industry as "commission weaving."

3. On May 11, 1942, the General Maximum Price Regulation, duly issued by the Office of Price Administration pursuant to the provisions of the Emergency Price Control Act of 1942, became effective, establishing maximum prices, inter alia, for the performance of the service of commission weaving.

4. Section 1499.11 of the said Regulation required that every person engaged in the business of commission weaving prepare, on or before July 1, 1942, on the basis of all available information and records, a statement showing the highest prices which he charged for such services as he supplied during March 1942, his offering prices for the supply of such services during the said month, together with an appropriate description or identification of each such service, and all his customary allowances, discounts and other price differentials.

5. Section 1499.12 of the said Regulation provides that every person selling

services for which maximum prices are established thereby shall keep records showing, as precisely as possible, the basis upon which he determined maximum prices for those services supplied by him after May 11, 1942, the effective date of the said Regulation.

6. The defendant did not, on or before July 1, 1942, nor at any time prior to the institution of this suit, prepare the statement required by Section 1499.11 of the General Maximum Price Regulation.

7. The defendant did not, at any time prior to the institution of this suit, keep any records showing the basis upon which it determined maximum prices, as required by Section 1499.12 of the General Maximum Price Regulation.

### Discussion

It is admitted by defendant that it did not prepare and keep a base period statement in accordance with Section 1499.11 (b) and records showing the basis upon which maximum prices for its services were determined. The substance of the defense is that there was substantial compliance in that defendant kept all invoices and orders, and all other records. I am of the opinion that this is not substantial compliance. Section 1499.11(a) of the Regulation requires that defendant preserve existing records relating to prices charged or prices at which its services were offered. Subsection (b) requires something additional, that is, that defendant "Prepare on or before July 1, 1942, on the basis of all available information and records, and thereafter keep * * * a statement" showing the highest prices or highest offering prices for its services during March, 1942. Section 1499.12 requires that current records be kept "and in addition, records showing, as precisely as possible the basis on which he determined maximum prices for those commodities or services." The defendant has satisfied only a part of the requirements of the Regulation. The fact that its failure to satisfy all the requirements was not in bad faith is immaterial: performance as well as good faith is necessary. A holding in favor of the defendant here would be tantamount to a holding that the Act and Regulation need not be complied with until action is brought, and that escape without consequence may be had by then submitting to the law. Sections 1499.11 and 1499.12 of the General Maximum Price Regulation are the foundation of the wartime price economy. That foundation may not be so easily undermined.

Accordingly, I state the following conclusions of law:

1. Defendant has violated the Emergency Price Control Act of 1942, as amended, by failing to prepare, on or before July 1, 1942, or at any time prior to the institution of this suit, a statement of March 1942 maximum prices, commonly known as a "base period statement", as required by Section 1499.11 of the General Maximum Price Regulation.

2. Defendant has violated the Emergency Price Control Act of 1942, as amended, by failing to keep records showing the basis upon which it determined maximum prices for such commission weaving services as it performed subsequent to May 11, 1942, as required by Section 1499.12 of the General Maximum Price Regulation.

An injunction may issue.

An order may be submitted in accordance with this opinion.